TRULINCS 84315380 - RODRIGUEZ CHIRINO, EDELYON - Unit: WIL-C-B

--------------------------------------------------------------------------------

FROM: 84315380
TO:
SUBJECT: FTCA MOTION - PART I
DATE: 12/05/2024 08:15:20 AM

TORT CASE No.

FILED BY MC D.C.

DEC 10 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EDELYONIS RODRIGUEZ CHIRINO

Plaintiff,

v.                                      CASE No.

UNITED STATES OF AMERICA,

Defendant.
_____/

PLAINTIFF'S MEMORANDUM BRIEF IN SUPPORT OF FEDERAL TORT CLAIMS ACT (FTCA)

I - JURISDICTION AND VENUE:

1 - Plaintiff, Edelyonis Rodriguez Chirino ("Chirino"), pro se, respectfully submits this Brief under the Federal Tort Claims Act (FTCA). This Court has jurisdiction under 28 U.S.C. 1346(b), 2671-2680 of the FTCA. The FTCA allows "damages for injury or loss of property or personal injury or death caused by negligent or wrongful act or omission of any employee ... while acting within the scope of his office or employment under the circumstances where the United States, if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred".

2 - Plaintiff has complied with all pre-suit requirements of 28 U.S.C. 1346(b), 2671-2680. Specifically, On May 6, 2024, Plaintiff Chirino submitted a Government Standard Form SF-95 to the Bureau of Prisons to make his administrative claim detailing the tortious acts committed against him (Doc. 1). The Administrative Tort Claim Number is TRT-SER-2024-05906, and more than 6 months have elapsed but the agency did not issue a decision. Thus, under 28 U.S.C.S. 2675, plaintiff is timely filing his claim in Court. (DOC. 2)

3 - Chirino's tort claim for personal physical injuries and negligence for repeatedly missing giving him his maintenance fluconazole treatment for life, has triggered that the fungal meningitis came back, and that is substantiated by his medical records.

4 - The District of South Florida is an appropriate venue under 28 U.S.C. 1391(b)(2) and (e) because a substantial part of the events or omissions giving rise to the [claims] occurred within this district.

TRULINCS 84315380 - RODRIGUEZ CHIRINO, EDELYON - Unit: WIL-C-B

--------------------------------------------------------------------------------

II - PARTIES:

5 - Plaintiff, Chirino, is a federal prisoner housed at FCI Williamsburg South Carolina, provides the Memorandum Brief with factual allegations. Chirino was at all times relevant to this action.

6 - The United States of America is the appropriate party, with certain exceptions, for injuries caused by the negligent or wrongful act or omission of any federal employee acting within the scope of his or her employment, in accordance with the law of the state where the act or omission occurred.

7 - Dr. Mc Kittrick R., MD, and Clinical Director Charles Howard, MD (medical staff at FDC Miami) are relevant participants during the period of the negligent act and when it occurred.

III - STANDARD OF LAW: LEGAL FRAMEWORK

This matter arises out of the medical staff's failure to apply standard Diflucan (fluconazole) treatment prescribed already for years, failing their responsibility at FDC Miami's medical staff to keep plaintiff on maintenance therapy. Which raises the question whether Chirino's medical action represent an ordinary negligence or medical malpractice. Florida law defines medical malpractice as a claim arising out of the rendering of, or the failure to render, medical care or services. Fla. stat. 766.106(1)(a). The fact that a claim arises in a medical setting does not transform an "ordinary negligence" claim into one for medical malpractice. See, e.g. Holmes Reg'l Med. Ctr., Inc v. Dumigan, 151 So. 3d 1282, 1286 (Fla. 5th DCA2014)("It is axiomatic that the mere fact that a wrongful act occurs in a medical setting does not automatically transform the contested action into one that sounds in medical malpractice ..."); Lynn v. Mount Sinai Med. Ctr., Inc., 692 So. 2d 1002, 1003 (Fla. 3d DCA 1997)("Merely because a wrongful act occurs in a medical setting does not necessarily mean that it involves medical malpractice".).

The Florida Supreme Court recently addressed the difference between a medical malpractice claim and an ordinary negligence claim:

> "[W]e hold that a claim to sound in medical malpractice, the act from which the claim arises must be directly related to medical care or services, which require the use of professional judgment or skill. This inquiry involves determining whether proving the claim requires the plaintiff to establish that the allegedly negligent act "represented a breach of the prevailing professional standard of care", as testified to by a qualified medical expert. our holding will allow ordinary negligence cases to proceed without requiring the plaintiff to obtain a presuit corroborating expert and follow the additional matrix of presuit procedure, while still advancing the Legislature's policy goals of encouraging the early settlement of meritorious and screening out frivolous medical malpractice claims. See Kukral v. Mekras, 679 So. 2d 278, 284 (Fla. 1996). Natl. Deaf Acad., LLC v. Townes, 242 So. 3d 303, 311-12 (Fla. 2018)".

In Townes, a staff member at a residential treatment facility placed the plaintiff in a restraint hold

2

which caused the plaintiff to fall and injure her leg, ultimately resulting in amputation. The Florida

Supreme Court determined that the act of restraining the plaintiff did not give rise to a claim that sounds

in medical malpractice because the act was not "directly related to medical care or services, which require

the use of professional judgment or skill." Townes, 242 So. 3d at 305.

In the case at bar, plaintiff's claim arises out of the act of "failure to enter an maintenance order for

fluconazole treatment that was prescribed and administered for months before to prevent recurrent fungal

meningitis, due to human error or ordinary negligence, that does not arise out of the doctor's or nurse's

medical judgment in depriving the plaintiff from receiving fluconazole. See Joseph v. University Behavioral

LLC, 71 So.3d 913, 919-20 (Fla. 5th DCA 2011)(finding that the administrative decision not to separate

patients where one patient attacked another did not involve medical judgment and did not sound in

medical malpractice); Lynn, 692 So.2d at 1003(improper collection and labeling of a urine specimen

taken for purposes of drug testing sounded in ordinary negligence); Lakeland Reg'l Med. Ctr., Inc. v. Allen,

944 So. 2d 541, 543-44 (Fla. 2d DCA2006)(claim stemming from patient's illness due to food poisoning

while hospitalized did not sound in medical malpractice); Buchanan v. Lieberman., 526 So.2d 969 (Fla.

5th DCA 1988)(finding that a treating physician's improper touching did not sound in medical malpractice).

Diflucan to prevent the fungal meningitis to recur.

TRULINCS  84315380 - RODRIGUEZ CHIRINO, EDELYON - Unit: WIL-C-B

--------------------------------------------------------------------------------

FROM: 84315380
TO:
SUBJECT: FTCA  MOTION PART II
DATE: 12/05/2024 08:15:28 AM

CASE No.

IV - FAILURE / NEGLIGENCE OF FDC MIAMI'S MEDICAL STAFF TO ADMINISTER FLUCONAZOLE AS LIFELONG TREATMENT FOR FUNGAL MENINGITIS RESULTING IN RECURRENT MENINGITIS REQUIRING VP SHUNT REPLACEMENT:  (Doc. 3)

8 - Plaintiff is 47 years old male who was diagnosed with coccidiomycosis meningitis in El Paso, Texas, in 2017 under BOP custody .

9 - In 2017, I was arrested and was later found to have fungal meningitis that required a VP shunt implanted surgically. I was in coma for 3 months. I woke up at the university hospital in El Paso, Texas where the VP shunt was placed, and was prescribed lifelong fluconazole therapy.

10 - In 2021, I was arrested in Arizona and was transferred to FDC Miami where I was not given fluconazole that was omitted from my medication list.

11 - I developed nausea, vomiting, headaches. I became very weak and fell on the floor. I was diagnosed with recurrent fungal meningitis and had my VP shunt replaced in August 2022, then again hospitalized at Jackson Memorial Hospital in Miami, Florida, on October 10, 2022, as my headaches, weakness became worse due to worsening of my hydrocephaly.

12 - The failure of FDC Miami to administer fluconazole is also substantiated by the infectious disease and neurology consults at Larkin Community Hospital on 6-13-2022 and 6-11-2022, respectively.

13 - Had FDC Miami's medical staff prescribed and administered maintenance Diflucan/fluconazole therapy, I would not have developed the recurrent fungal meningitis that caused me to undergo neurosurgery to replace the VP shunt in my brain. Thus, FDC Miami's medical staff negligence and inattention has resulted into causing me further harm and physical injuries from recurrent fungal meningitis. In specific, I have developed the following related symptoms documented on record: Nausea, vomiting, sensitivity to light, fever, headache, confusion and severe fatigue and weakness.

14 - My long-term complications from recurrent fungal meningitis include: Memory problems, light sensitivity, severe headaches with profound fatigue, and difficulty to turn my neck due to stiffness.

15 - FDC Miami's medical staff failed to administer the standard of care as they were "made aware" of my history of fungal meningitis and knew that I have a VP shunt surgically implanted, and I have notified them that I should continue Diflucan therapy. But for their ordinary negligence and inattention, they failed

4

TRULINCS  84315380 - RODRIGUEZ CHIRINO, EDELYON - Unit: WIL-C-B

--------------------------------------------------------------------------------------------------------------

to provide and deliver or administer fluconazole standard treatment as required. Yet, they never consulted with infectious disease specialist to check whether they could hold Diflucan therapy that must be given to me for life (lifelong treatment).

16 - As to Dr. Mc Kittrick R, MD of FDC Miami who noted on 12-13-2022 that I had failed fluconazole therapy, the record shows that "I was not given fluconazole" in the first place, rather than failing the treatment that is not effective.

17 - Dr. Mc Kittrick's statement is rebutted by the record as fluconazole was later reinstituted as primary treatment to prevent recurrent fungal meningitis. I continue receiving fluconazole to date.

18 - My discharge medication list from Jackson Memorial Hospital on 12-8-2022 notes: "you must never stop taking Diflucan for life".

19 - The BOP failed to send me to care level 3 facility (MRC = Medical Referral Center) in light of the complexity and acuity of my medical care as ordered by the U.S. district Judge Scola Goodman (21-CR-20558) - Southern District of Florida.

20 - WHEREFORE, plaintiff requests relief with non-economical actual and compensatory damages that may be awarded under Florida Law, in excess of Three Hundred and Fifty Thousands ($350, 000) plus such other relief this court deem appropriate. *See attached affidavit (Doc. 4).*

21 - Signed under penalty of perjury. 28 U.S.C. 1746.

Respectfully Submitted,

Rodriguez Chirino Edelyonis       *[signature]*  12/05/2024.
# 84315-380
FCI Williamsburg
P.O. Box 340
Salters, SC 29590

## CERTIFICATE  OF  SERVICE

I hereby certify that this document filed has been dropped in the prison's mailroom on the 5th day of November 2024. A copy was mailed to the following individual via U.S. Postal Service.

SERVED _____, /S/ _____